**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY, | ) ) ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | |
| | ) | |
| AN EASEMENT AND RIGHT-OF-WAY OVER 4.49 ACRES OF LAND, MORE OR LESS, IN CALLOWAY COUNTY, KENTUCKY, and RICKY WAYNE CUNNINGHAM, CELISA CURD CUNNINGHAM, and, FNB BANK, INC., | ) ) ) ) ) ) | Case No. 5:21-cv-00168 (TBR) |
| | ) | |
| *Defendants.* | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon two motions.  First, Ricky Wayne Cunningham and Celisa Curd Cunningham have filed a Motion to Quash Service, *see* Mot. to Quash, Dkt. 8.  The Government has responded, *see* Resp. to Mot. to Quash, Dkt. 14.  Second, the Government has filed a Motion for Entry of an Order of Immediate Possession, Mot. for Possession, Dkt. 16.  Upon consideration of the parties' submissions and being otherwise sufficiently advised, the Mot. to Quash, Dkt. 8, is **GRANTED** and the Mot. for Possession, Dkt. 16, is **DENIED WITHOUT PREJUDICE FOR REFLING** should the Government properly re-serve the Cunninghams.

**I.    FACTUAL BACKGROUND**

This is an eminent domain case brought under the Declaration of Taking Act concerning land owned by Ricky Cunningham and Celisa Cunningham in fee simple as joint tenants.  *See* Compl., Dkt. 1, ¶¶ 1–2, 6.  FNB Bank, Inc. is the current holder of liens on the property in

question.  *See id.* ¶ 6.  The public use for which the Government plans to use the property is the erection, operation, and maintenance of electric power transmission circuits and communications circuits.  *See id.* ¶ 3.  The property interest to be acquired is a permanent easement and right-of-way.  *See id.* ¶ 4.

The Government attempted to serve the Cunninghams and FNB through certified mail.  *See* Notice of Service, Dkt. 7.  With regard to the return receipt for his certified mail letter, Ricky Cunningham states that in Box A (which asks for a signature) there is a signature along with the phrase "C19," while Box B (which asks for the printed name of the recipient) and Box C (which asks for the date of delivery) are both empty.  *See id.* at 4.  Celisa Cunningham makes the same allegations with regard to the return receipt for her certified mail letter.  *See id.* at 5.  However, the Cunninghams state that neither of them actually signed the certified mail letter.  *See* Mot. to Quash.

## II.    ANALYSIS

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).  The plaintiff bears the burden of perfecting service of process and showing that proper service was made.  Fed. R. Civ Pro. 4(c)(1); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).  "[A]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service."  *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999); *see also Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004).

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.  Rule 4(e) provides the methods by which an individual may be properly served:

Unless federal law provides otherwise, an individual—other than a minor, incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e).

The Cunninghams assert, and the Government does not deny, that service was attempted according to Kentucky state law in this case. *See* Mot. to Quash at 2–3; *see also* Resp. to Mot. to Quash. The methods of proving service in Kentucky are explained in Kentucky Civil Rule of Procedure 4.01(1)(a) and 4.04(2). Rule 4.01(1)(a) provides:

> (1) Upon the filing of the complaint (or other initiating document) the clerk shall forthwith issue the required summons and, at the direction of the initiating party, either:
>
>> (a) Place a copy of the summons and complaint (or other initiating document) to be served in an envelope, address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished by the initiating party, affix adequate postage, and place the sealed envelope in the United States mail as registered mail or certified mail return receipt requested with instructions to the delivering postal employee to deliver to the addressee only and show the address where delivered and the date of delivery. The clerk shall forthwith enter the facts of mailing on the docket and make a similar entry when the return receipt is received by him or her. If the envelope is returned with an endorsement showing failure of delivery, the clerk shall enter that fact on the docket. The clerk shall file the return receipt or returned envelope in the record. Service by registered mail or certified mail is complete only upon delivery of the envelope. The return receipt shall be proof of the time, place and manner of service. To the extent that the

> United States postal regulations permit authorized representatives of local, state, or federal governmental offices to accept and sign for "addressee only" mail, signature by such authorized representative shall constitute service on the officer.  All postage shall be advanced by the initiating party and be recoverable as costs . . . .

Ky. R. Civ. P. 4.01(1)(a). Regarding personal service, Rule 4.04(2) provides:

> (2) Service shall be made upon an individual within this Commonwealth, other than an unmarried infant or person of unsound mind, by delivering a copy of the summons and of the complaint (or other initiating document) to him personally or, if acceptance is refused by offering personal delivery to such person, or by delivering a copy of the summons and of the complaint (or other initiating document) to an agent authorized by appointment or by law to receive service of process for such individual.

Ky. R. Civ. P. 4.04(2).

In their motion to quash service, the Cunninghams argue that they never signed the certified mail letter and that they never dated the certified mail letter.  *See* Mot. to Quash at 2–3. To support this, they provide affidavits restating their position.  *See* Ricky Cunningham Aff., Dkt. 8-1, ¶ 7 ("[T]he signature on the card is not my signature and the card had no data entered in the boxes 'B' (received By) or 'C' (Date of Delivery)."); Celisa Cunningham Aff, Dkt. 8-3, ¶ 7 ("[T]he signature on the card is not my signature and the card had no data entered in the boxes 'B' (received By) or 'C' (Date of Delivery).").  The affidavits also contain references to exhibits with both Ricky Cunningham's and Celisa Cunningham's respective signatures, and the Cunningham's contend that their signatures do not resemble the signatures found in either Box A.  *See* Mot. to Quash; *see also* Ricky Cunningham Signature, Dkt. 8-2; Celisa Cunningham, Dkt. 8-4.  And importantly, the Cunninghams also assert that they only formally found out about this lawsuit on December 10, 2022, not November when the certified mail letters were sent and supposedly received.  *See* Ricky Cunningham Aff. ¶ 8 ("[N]either I nor my wife, Celisa Curd Cunningham, received any pleadings in this action prior to December and did not sign any Return Receipt for any documents.").  The Government does not dispute the Cunningham's

4

assertion that they did not make the handwritten entries on the forms. *See* Resp. to Mot. to Quash ¶ 5. Indeed, the Government states that "[o]n information and belief, 'C19' refers to a local practice implemented by the postal service in response to the Covid 19 pandemic of delivering certified mail to the recipients' address." *See id.* ¶ 4.

Nevertheless, the Government asks the Court to deny the motion to quash as moot because the parties have agreed to an extension that gives the Cunninghams the opportunity to amend their answer and objections. *See id.* ¶ 7. However, as stated above, actual knowledge and lack of prejudice cannot take the place of legally sufficient service. *See LSJ Inv. Co., Inc.*, 167 F.3d at 324. And the Cunninghams still challenge this service. It is the Government's burden here to show that proper service was made despite the fact that the Cunninghams did not sign the certified mail letter upon its arrival. However, the Court finds that the Government has failed to fulfill this burden.

## III.   CONCLUSION

For the reasons stated above, the Mot. to Quash, Dkt. 8, is **GRANTED** and the Mot. for Possession, Dkt. 16, is **DENIED WITHOUT PREJUDICE FOR REFLING** should the Government properly re-serve the Cunninghams. Pursuant to Federal Rule of Civil Procedure 4(m), the Court will give the Government **thirty days from the date of this order to properly serve process on Defendant.**

Thomas B. Russell, Senior Judge
United States District Court

March 11, 2022