**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**PADUCAH**

| | |
|---|---|
| UNITED STATES OF AMERICA, Upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY, | ) ) ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | ) |
| AN EASEMENT AND RIGHT-OF-WAY OVER 5.49 ACRES OF LAND, MORE OR LESS, IN CALLOWAY COUNTY, KENTUCKY, and RICKY WAYNE CUNNINGHAM, CELISA CURD CUNNINGHAM, and, FNB BANK, INC., | ) Case No. 5:21-cv-00168 (TBR) ) ) ) ) ) |
| | ) |
| *Defendants.* | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, the United States of America, upon the relation and for the use of the Tennessee

Valley Authority, moves the Court for entry of an order of possession, (Mot.), Dkt. 20.  Plaintiff

has also filed a memorandum in support of its motion, (Mem.), Dkt. 21.  The time for the

landowners to respond has elapsed.  For the following reasons, the Court **GRANTS** Plaintiff's

motion.

I.      **BACKGROUND**

This is an eminent domain case brought under the Declaration of Taking Act concerning

land owned by Ricky Cunningham and Celisa Cunningham in fee simple as joint tenants.  *See*

Compl., Dkt. 1, ¶¶ 1–2, 6.  FNB Bank, Inc. is the current holder of liens on the property in

question.  *See id.* ¶ 6.  The public use for which the Government plans to use the property is the

erection, operation, and maintenance of electric power transmission circuits and communications

circuits.  *See id.* ¶ 3.  The property interest to be acquired is a permanent easement and right-of-

way.  *See id.* ¶ 4.  In the Declaration of Taking, the Government describes the easement and states that $18,000 is the TVA's estimate of the "just and liberal compensation for property interest taken."  Decl. of Taking, Dkt. 4, ¶ 2.

## II.    ANALYSIS

Under 16 U.S.C. § 831, the Declaration of Taking Act applies to condemnation proceedings brought under the TVA Act.  The Declaration of Taking Act directs the Government to file "a declaration of taking signed by the authority empowered by law to acquire the land described in the petition, declaring that the land is taken for the use of the Government."  40 U.S.C § 3114(a).  The declaration of taking must include:

(1) a statement of the authority under which, and the public use for which, the land is taken;

(2) a description of the land taken that is sufficient to identify the land;

(3) a statement of the estate or interest in the land taken for public use;

(4) a plan showing the land taken; and

(5) a statement of the amount of money estimated by the acquiring authority to be just compensation for the land taken.

*Id.*  On filing the declaration of taking and depositing in the court:

(1) title to the estate or interest specified in the declaration vests in the Government;

(2) the land is condemned and taken for the use of the Government; and

(3) the right to just compensation for the land vests in the persons entitled to compensation.

*Id.* § 3114(b).

The Supreme Court has concluded that, upon compliance with the provisions of the Declaration of Taking Act, "[t]itle and right of possession thereupon vest immediately in the United States."  *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 4–5 (1984).  And

2

compliance with the Declaration of Taking Act allows the Government to enter the condemned property immediately.  *United States v. Dow*, 357 U.S. 17, 23 (1958).

The Court finds that the Government has complied with the requirements of 40 U.S.C. § 3114(a).  The public use envisioned for the easement—transmission lines—is a valid one.  *See, e.g.*, *United States Upon Rel. of Tennessee Valley Auth. v. Easement & Right of Way Over 1.58 Acres of Land, More or Less, in Fayette Cty., Tennessee*, No. 2:20-CV-2697-TLP-TMP, 2021 WL 6882416, at *1 (W.D. Tenn. Jan. 15, 2021) (stating that an easement for the "erection, operation, and maintenance of electric power circuits and communication circuits" is "valid").  Furthermore, the Government provides a map and a written description of the easement.  *See* Decl. of Taking.  The Government also delivered $18,000 to the Clerk of Court on December 6, 2021.  *See* Notice of Tendering Deposit, Dkt. 13.

## III.   CONCLUSION

Because the Government has met the requirements of § 3114(a), the TVA shall have immediate possession of the easement, as described in the Declaration of Taking.  For the foregoing reasons, the Court **GRANTS** Plaintiff's Mot., Dkt. 20.  If FNB Bank wishes to pursue its claims outlined in Dkt. 15, it is **ORDERED** to file a motion within 14 days of this opinion.

**Thomas B. Russell, Senior Judge**
**United States District Court**

April 14, 2022

cc: Counsel